## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

BRIAN W. BUNGART,                )
                                 )
            Plaintiff,           )
                                 )
v.                               )          Case No. CIV-15-227-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## OPINION AND ORDER

Plaintiff Brian W. Bungart (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to initially evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

In a case of medical improvement such as this one, the Commissioner has established an eight step evaluation process for determining whether a disability continues under Title II and a seven step evaluation process to determine whether a disability

---

[1]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

continues under Title XVI.  20 C.F.R. § 404.1594(f); 20 C.F.R. § 416.994.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 15, 1976 and was 37 years old at

the time of the ALJ's decision. Claimant completed his high school education and special education classes. Claimant has worked in the past as a construction flagger. In a prior decision, Defendant determined Claimant was disabled as of March 8, 2005. On July 18, 2012, Defendant determined Claimant was no longer disabled as of that date. Claimant appealed that decision. Claimant continues to allege an inability to work due to limitations resulting from lower back pain and memory and concentration problems.

## Procedural History

Previously, Claimant filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act and was awarded benefits. He was determined to have made medical improvement and benefits were terminated. A hearing officer upheld Defendant's decision to cease benefits on February 18, 2013 which Claimant appealed. On January 9, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Bernard Porter by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. He issued an unfavorable decision on February 7, 2014. The Appeals Council denied review of the ALJ's decision on April 24, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§

404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ determined Claimant had made medical improvement in his severe impairments such that he retained the residual functional capacity ("RFC") to perform light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) finding Claimant experienced medical improvement; (2) finding that any medical improvement which occurred related to Claimant's ability to work; (3) reaching an RFC for the period beginning July 18, 2012 which was not supported by substantial evidence; and (4) finding at step five that Claimant could perform other jobs.

## Medical Improvement

In his decision, the ALJ found Claimant suffered from the medically determinable impairments of a learning disorder; attention deficit hyperactivity disorder ("ADHD"); depressive disorder; cognitive disorder; personality disorder; history of neurofibromatosis; migraine headaches; Tarlov cysts of the lumbar spine; cervical disc disease; and degenerative joint disease of the left shoulder. (Tr. 55). The ALJ determined Claimant had made medical improvement as of July 18, 2012, finding there had been a decrease in medical severity of his impairments at the time of the comparison point decision. (Tr. 57). The ALJ found that Claimant

continued to have a severe impairment or combination of impairments beginning on July 18, 2012. (Tr. 60). He concluded Claimant as of the specified date, Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for six hours in an eight hour workday; sit for six hours in an eight hour workday; occasionally use foot controls; occasionally lift overhead; occasionally climb ramps and stairs but never climb ropes, ladders, and scaffolds or crawl; avoid exposure to unprotected heights, moving mechanical parts, and temperature extremes; and requires a sit/stand option that allows Claimant to change positions at least every 30 minutes. Due to psychologically based factors, Claimant could perform simple tasks and make simple work-related decisions. Claimant could have occasional interaction with the public, co-workers, and supervisors. (Tr. 59).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of small products assembler, electrical accessories assembler, and bakery worker, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies. (Tr. 72). As a result, the ALJ determined Claimant's disability ended on July 18, 2012 and he had not become disabled again since that date. (Tr. 73).

Claimant first contends that he did not achieve medical improvement. The basis of the ALJ's finding of medical improvement primarily rests upon Claimant's responses set forth on the Continuing Disability Review Report dated January 25, 2012. Claimant reported that the condition which limited his ability to work was chronic back and neck pain. (Tr. 250). The ALJ found Claimant was only taking medication for pain and that he had not been treated for any mental condition including emotional or learning problems within the preceding 12 months. He also found Claimant's sole problem to which he testified which kept him from working was pain. (Tr. 57).

According to the ALJ, Claimant was originally found to be disabled based upon a cognitive disorder and personality disorder. Claimant was found to be unable to maintain consistency to perform even simple, routine tasks. (Tr. 55).[2] Claimant stated in a mental diagnostic evaluation by Dr. Patricia J. Walz dated October 18, 2012 that he obtained disability benefits because he had "a tumor on my lower spine about the size of a golf ball." He also stated that he was a "slow learner. I can't do anything." (Tr. 468). Dr. Walz concluded Claimant had dysthymia, mild cognitive impairment, and personality disorder with cluster B traits. (Tr. 472). Dr. Walz found Claimant's IQ was in the low average range,

---

[2] The prior decision finding Claimant disabled is not a part of the record in this appeal.

his attention and concentration were impaired, he persisted well, the speed of information processing was very slow but that he did not qualify for a diagnosis of mental retardation. (Tr. 473).

Dr. Walz also completed a mental medical source statement dated November 13, 2012. She found Claimant to be markedly limited in the functional areas of the ability to maintain attention and concentration for extended periods; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ability to sustain an ordinary routine without special supervision; ability to work in coordination with or proximity to others without being distracted by them; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; and ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (Tr. 464-65).

In her narrative statement, Dr. Walz wrote that Claimant was limited in social and coping skills. She also noted Claimant had chronic depression and mild cognitive impairment which affects his ability to tolerate stress. (Tr. 466).

The ALJ gave Dr. Walz's report "diminished weight" because it was not consistent with the record as a whole. He discounted the finding of marked limitation in the ability to maintain concentration and attention by stating Claimant gave a "very detailed report" to Dr. Walz and he plays video games. (Tr. 67). The ALJ also concluded that Dr. Walz was paid for her statement and was retained through an attorney referral and for this appeal which presumably caused the ALJ to discount Dr. Walz's findings. (Tr. 68). This type of reasoning smacks of the old "physician's report appears to have been prepared as an accommodation to a patient" statement that has been roundly rejected as a basis for reducing the weight afforded a physician's opinion. Miller v. Chater, 99 F.3d. 972, 976 (10th Cir. 1996) citing Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987).

Moreover, the ALJ cites with approval and gives "great weight" to the medical source statement prepared by Dr. Traci Baker on December 3, 2013 which generally found Claimant to only have moderate or lesser limitations in mental functioning. (Tr. 668-71). Dr. Baker's report was also prepared because Claimant was "[n]eeding disability papers filled out" but, because presumably her opinion supported a finding of non-disability, the ALJ gave the opinion "great weight." (Tr. 68). An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only

the parts that are favorable to a finding of nondisability." <u>Haga</u> <u>v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007).

This Court is also disturbed by the ALJ's partial reliance upon Claimant's ability to accurately complete the disability report to include all of his conditions which affect his ability to work when his cognitive limitations could preclude his ability to accurately identify his cognitive limitations. Ultimately, "[t]he Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity. . . . In deciding whether to terminate benefits, a claimant's impairments are considered together. See 20 C.F.R. § 404.1594(d)." <u>Knapp v. Barnhart</u>, 68 Fed. App'x 951, 952 (10th Cir. 2003). The ALJ failed to establish that Claimant's cognitive impairment found to exist in 2005 had improved such that he was able to engage in substantial gainful activity, except to improperly reject Dr. Walz's opinion and rely upon Claimant to identify his own cognitive limitations. On remand, the ALJ shall rectify these deficiencies.

Claimant also contends the ALJ failed to properly weigh the opinion of his treating physician, Dr. Ford Barnes. Dr. Barnes authored a physical medical source statement on October 29, 2012.

He found Claimant was limited to occasionally lift/carry less than 10 pounds and frequently lift/carry no weight; stand less than two hours in an eight hour workday; require periodic alternate sitting and standing; limit upper and lower extremities; never crouch or crawl; limit reaching in all directions, fingering and feeling; and limit exposure to temperature extremes, hazards, and humidity and wetness. (Tr. 460-61).

The ALJ gave Dr. Barnes' opinion "diminished weight." Primarily, he did so believing Dr. Barnes expressed an opinion "in an effort to assist a patient with whom he or she sympathizes for one reason or another." (Tr. 67). Again, this statement forms an insufficient basis for rejecting the opinion of a treating physician. Miller, *supra*. On remand, the ALJ shall evaluate Dr. Barnes' opinions under the rubric of Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) and refrain from subjectively speculating about physicians' motivations in reaching their opinions.

The ALJ's evaluation of Claimant's credibility is also lacking since he found Claimant's assertions of pain was not supported by the evidence. Dr. Barnes' treatment records and source statement certainly lend support to his statements of limitations attributable to pain. On remand, the ALJ shall re-evaluate Claimant's credibility.

## Step Five Analysis

Since the ALJ improperly determined Claimant's RFC by rejecting medical evidence without foundation, he shall reassess his findings at step five, including the hypothetical questioning of the vocational expert.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 15th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE